1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| 8  J. MITCH HALL and NATHAN KAY, | NO. 2:15-cv-00231-SAB |
| 9         Plaintiffs, | |
| 10        v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 11  L-3 COMMUNICATIONS | |
| 12  CORPORATION, L-3 | |
| 13  COMMUNICATIONS VERTEX | |
| 14  AEROSPACE, LLC and L-3 | |
| 15  COMMUNICATIONS INTEGRATED | |
| 16  SYSTEMS L.P. | |
| 17        Defendants. | |
| 18 | |

19        Before the Court is Defendants' Motion to Dismiss Plaintiffs' First

20  Amended Complaint. ECF No. 25. The motion was heard without oral argument.

21        Defendants assert Plaintiffs' claims against them should be dismissed on

22  two grounds. First, Defendants argue the claims should be dismissed for lack of

23  personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Second, Defendants

24  claim the Eastern District of Washington does not meet venue requirements for

25  either state or federal claims under Fed. R. Civ. P. 12(b)(3).

26                        *Personal Jurisdiction*

27        This federal court uses Washington's long-arm statute when considering

28  personal jurisdiction. RCW 4.28.185(1). The statute runs to the full extent of

**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 1

1  federal due process. *Chan v. Soc. Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir.

2  1994). Personal jurisdiction may be either general or specific. *See Helicopteros*

3  *Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414, n.9 (1984). Here,

4  specific jurisdiction is in question. The Court must analyze two issues in

5  considering whether the Defendants have purposefully established the minimum

6  contacts with the forum state necessary to result in specific jurisdiction: (1)

7  whether the Defendants purposefully directed their activities at residents of the

8  forum, and (2) whether this litigation is a result of alleged injuries arising out of or

9  related to those activities. *Genetic Veterinary Sciences, Inc. v. Canine EIC*

10  *Genetics, LLC*, No. 13-cv-422-TOR, 2014 WL 2894301, at *4 (E.D. Wash. June

11  25, 2014) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)). If

12  these factors are met, the Court considers whether specific jurisdiction would

13  comport with fair play and substantial justice required for due process to be

14  satisfied. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

15      When using affidavits, plaintiffs must demonstrate facts that if true would

16  support jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Any

17  uncontroverted allegations in the complaint are taken as true; conflicts between

18  parties' affidavits are resolved in plaintiff's favor; and the Court construes all

19  evidentiary materials in the light most favorable to plaintiff. *Gordon v. Ascentive,*

20  *LLC*, No. CV-05-5079-FVS, 2005 WL 3448025, at *1 (E.D. Wash. Dec. 15, 2005)

21  (citing *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002)).

22      First, the Court must ask if each of the Defendants purposely directed their

23  activities at each of the Plaintiffs in the state. Hall avers he applied for

24  employment with L-3 while living in Washington, he was interviewed by

25  telephone and hired while in Washington, and he was paid in Washington.

26  Additionally, Hall alleges he has obtained flight physicals at L-3's behest both in

27  Washington and in Idaho. Apparently, L-3 also continues to actively recruit within

28  the state. Although L-3's actions do not rise to the level sufficient to subject L-3 to

**ORDER DENYING DEFENDANTS' MOTION TO**
**DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 2

1 | general personal jurisdiction in Washington, it certainly had some meaningful

2 | contacts with the State.

3 | The question remains whether this litigation is a result of alleged injuries

4 | arising from those activities. The answer is clearly yes. Hall's alleged injury is the

5 | failure of L-3 to continue to schedule him for employment. L-3's purposeful

6 | contacts with the state (recruiting, interviewing, hiring, employing, and paying

7 | Hall) are related to his alleged injury.

8 | Finally, the Court must ask if exercising specific jurisdiction would comport

9 | with fair play and substantial justice. *Int'l Shoe Co.*, 326 U.S. at 320. Here,

10 | concerns of fair play militate in favor of finding specific jurisdiction in

11 | Washington. By recruiting, interviewing, hiring, employing and paying Hall in

12 | Washington, L-3 should have "anticipate[d] being haled into court" in Washington

13 | for disputes that may arise out of Hall's employment. *World-Wide Volkswagen*

14 | *Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Further, due process and notions of

15 | fair play "allows flexibility in ensuring that commercial actors are not effectively

16 | 'judgment proof' for the consequences of obligations they voluntarily assume in

17 | other states." *Rudzewicz*, 471 U.S.at 487.

18 | Because L-3 established a substantial and continuing employment

19 | relationship with Hall while he was located in Washington, specific jurisdiction

20 | exists in this case arising out of a dispute relating to that employment relationship.

21 | *See id.* at 487.

22 | Defendants are three separate but related entities.  Hall was originally hired

23 | by L-3/Vertex and was later employed by L-3/CIS. Personal jurisdiction exists

24 | over these entities for the reasons previously explained. According to Defendants,

25 | Hall never was employed by L-3/CC, and L-3/CC never made any hiring or

26 | employment decisions regarding Hall. In his verified complaint, however, Hall

27 | alleges L-3/CC is the parent company of both L-3/CIS and L-3/Vertex. At this

28 | stage in the litigation it is not clear to what extent L-3/CC was involved or

**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 3

exercises control over L-3/CIS or L-3/Vertex. The Court accepts, for purposes of this motion, the allegations in Plaintiffs' verified complaint that L-3/CC exercised control over Hall's employment opportunities. As litigation progresses it may become clear that L-3/CC did not have any control over these employment opportunities, but it would be inappropriate to make such a factual determination at this stage. Additionally, a finding of personal jurisdiction over L-3/CC does not substantially implicate due process concerns because L-3/CC, L-3/Vertex, and L-3/CIS are inarguably closely related, share most of the same principals, and have jointly retained counsel for this matter.

Plaintiff Kay's claim is based on L-3's failure to hire him upon his application. Because Kay was never actually employed by L-3, L-3 participated in substantially fewer purposeful activities in Washington with regard to Kay as compared to Hall. However, L-3 does recruit in Washington and allowed Kay to apply for employment from the state. Although the conduct is minimal, Kay's claim directly arises from those contacts. Accordingly, this Court has specific jurisdiction over L-3.

This case does not present a text-book example of personal jurisdiction, however, personal jurisdiction does not turn on "mechanical tests." *Int'l Shoe*, 326 U.S. at 319. The Court finds that personal jurisdiction over each of the defendants is fair and comports with due process, particularly in light of the Defendants continuing recruitment and employment of Washington residents.

*Venue*

Defendants also move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. "[E]xcept as otherwise provided by law," venue is typically governed by 28 U.S.C. § 1391. A dismissal under Fed. R. Civ. P. 12(b)(3) is only appropriate when venue is "wrong" or "improper." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). Section 1391 lists three standards for where civil actions "may" be brought: a

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 4

judicial district where any defendant resides, if all defendants are residents of the state in which the district is located; a judicial district in which a substantial part of the events giving rise to the claim occurred, or where a substantial part of property that is the subject of the action is located; or, if there is no other district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.

The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), from which much of Plaintiffs' claims derive, contains its own venue provision. 38 U.S.C. § 4323(c). The USERRA venue provision provides that "[i]n the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place for business." § 4323(c)(2). According to Defendants, this provision supersedes 28 U.S.C. § 1391(b) and applies here. Defendants assert that none of them have a place of business in the Eastern District of Washington, despite Plaintiffs' claim that L-3/Vertex does, and that L-3/CC is not a "private employer" for USERRA purposes.

The USERRA venue provision does not constitute the entirety of where USERRA claims can be brought. Instead, the USERRA provision, which is permissive, not exclusive, provides an additional appropriate venue for such claims. 38 U.S.C. § 4323(c)(2). The USERRA venue provision is permissive because it uses the phrase "may proceed" rather than "must proceed" or "shall proceed." *Id*. The Court finds it unlikely that Congress intended to greatly limit the venue options a servicemember could access in the same law that provided them with many special protections. Because the USERRA venue provision is different than the provisions in 28 U.S.C. § 1391(b), a Fed. R. Civ. P. 12(b)(3) motion may only be granted if the venue in question does not satisfy any of the three venue provisions in § 1391 or the USERRA venue provision.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 5

1    Here, the Court finds that a substantial part of the events or omissions

2  giving rise to the claim occurred within the Eastern District of Washington. These

3  events are recounted above. Additionally, Plaintiffs' service with the Washington

4  Air National Guard occurs within the Eastern District of Washington and is a

5  substantial part of their USERRA claims. Accordingly, the Court finds venue in

6  the Eastern District of Washington is appropriate under 28 U.S.C. § 1391(b)(2).

7                                      *Conclusion*

8    Defendants' motion to dismiss for lack of personal jurisdiction and for

9  improper venue is denied in full.

10    Accordingly, **IT IS HEREBY ORDERED:**

11    1.  Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint,

12        ECF No. 25, is **DENIED.**

13  **IT IS SO ORDERED.** The District Court Executive is hereby directed to file this

14  Order and provide copies to counsel.

15    **DATED** this 15th day of March 2016.



                        Stanley A. Bastian
                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** # 6