1
2
3
4
5               UNITED STATES DISTRICT COURT
6             EASTERN DISTRICT OF WASHINGTON
7
8  J. MITCH HALL and NATHAN KAY,        NO. 2:15-cv-00231-SAB
9           Plaintiffs,
10             v.                        **ORDER REGARDING
                                         DEFENDANTS' MOTIONS FOR
11 L-3 COMMUNICATIONS                    PROTECTIVE ORDERS**
12 CORPORATION, L-3
13 COMMUNICATIONS VERTEX
14 AEROSPACE, LLC andL-3
15 COMMUNICATIONS INTEGRATED
16 SYSTEMS L.P.
17           Defendants.
18

19       Before the Court are Defendants' L-3 Communications Corp. (L-3/CC), L-3
20 Communications Integrated Systems LP (L-3/CIS), and L-3/Vertex Aerospace
21 LLC (L-3/Vertex) motions for protective orders.  ECF Nos. 62, 63, 64, 81.  After
22 responding and objecting to several of Plaintiffs' discovery requests, Defendants
23 filed four separate motions for protective orders and seek fees. Defendants'
24 motions for protective orders are discussed, in turn.

25                          **STANDARD**
26       Federal Rule of Civil Procedure 26(b)(1) provides,
27       Parties may obtain discovery regarding any nonprivileged matter that
         is relevant to any party's claim or defense and proportional to the
28

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR
PROTECTIVE ORDERS** + 1

needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

When a party moves for a protective order, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). If the court finds that a protective order is appropriate, it may forbid the disclosure, specify the terms for discovery, or limit the scope of discovery. FED. R. CIV. P. 26(c)(1).

"The burden is on the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). If the court finds that "particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex re. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## ANALYSIS

This lawsuit involves allegations of employment discrimination and violations of federal and state law. Accordingly, the critical issues are whether discrimination, retaliation, or violation of reemployment rights occurred. Many of the discovery requests at issue appear to the Court to be overbroad, not relevant to the critical issues, and not proportional to the needs of the case.

//

//

//

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** ~ 2

**I.    L-3/CC's Motion for Protective Order (ECF No. 62)**

L-3/CC has moved for summary judgment claiming that Plaintiffs have no evidence supporting the imposition of liability on L-3/CC. ECF No. 61. Specifically, L-3/CC contends that Plaintiffs cannot demonstrate that L-3/CC is directly liable to Plaintiffs nor that the corporate veil should be pierced. ECF No. 61. L-3/CC is requesting a stay of discovery as to it, pending resolution of its motion for summary judgment. ECF No. 62.

A stay of discovery is improper at this juncture. However, many of the discovery requests directed to L-3/CC are overbroad, of dubious relevance, and not proportional. Additionally, it is undisputed that Plaintiffs never applied for employment with  L-3/CC directly. Nonetheless, Plaintiffs' requested discovery regarding the issue of whether L-3/CC is a joint employer are relevant to Plaintiffs' claims of discrimination and L-3/CC's potential liability under Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–4333 (USERRA). Accordingly, to the extent that Plaintiffs seek discovery on the issue of whether L-3/CC is a joint employer for the purposes of USERRA liability, L-3/CC's motion for protective order is **DENIED**. In all other respects, the Court will treat L-3/CC the same as it treats L-3/CIS and L-3/Vertex insofar as its ruling on the following motions for protective orders.

**II.    L-3/CIS & L-3/Vertex's Motion for Protective Order and Fees on Classified Issues (ECF No. 63)**

L-3/CIS and L-3/Vertex seek to prevent discovery regarding Interrogatory No. 8 and Requests for Production (RFP) Nos. 15 and 18 which request copies of federal contracts held by L-3 entities. Defendants state that complying with this request requires them to disclose over 7,000 government contracts, many of which are confidential and subject to DD Form 254's provisions requiring governmental pre-approval before information is released to the public.

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS ~ 3**

As part of their USERRA claims, Plaintiffs contend that the failure to adhere to a company's internal policies and procedures can be circumstantial evidence of employment discrimination and pretext. *See* ECF No. 83. Therefore, Plaintiffs seek access to government contracts in order to verify that they contain provisions requiring Defendants to follow Executive Order 11246 §202 (requiring government contracts to contain a clause providing the contractor will not discriminate against employees on the basis of race, creed, color, or national origin) and the Vietnam-era Veterans Readjustment Assistance Act of 1974 (VEVRAA), 38 U.S.C. §4212 (requiring contracting party to take affirmative action to employ "qualified covered veterans"). Presumably, Plaintiffs intend to show that L-3/CIS and L-3/Vertex violated Executive Order 11246 and VEVRAA, which in turn demonstrates a pattern of discrimination supporting their USERRA claims. However, Plaintiffs do not allege Defendants violated either of these laws, indeed, neither provides a private right of action.

The Court questions why it matters if the contracts at issue were violated in some way. This is a claim for illegal discrimination and there are no claims for breach of contract. Also, Plaintiffs are not even parties to the contracts and do not claim status as a third party beneficiary. Plaintiffs must prove that Defendants violated the law, not that they breached a contract. Additionally, any relevance is outweighed by the burdensome volume of the requests and the confidential nature of the contracts at issue. Finally, documents are not discoverable during the pretrial discovery phase or admissible as evidence during the trial phase simply because the jury would like to know about them. Juror curiosity is not the standard which this Court uses to measure relevance or discoverability. Thus, for the foregoing reasons, L-3/CIS & L-3/Vertex's Motion for Protective Order and Fees on Classified Issues, ECF No. 63, is **GRANTED**.

//

//

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 4

### III.  L-3/CIS & L-3/Vertex's Motion for Protective Order and Fees on Non-Classified Issues (ECF No. 64)

L-3/CIS and L-3/Vertex likewise filed a motion for protective order on non-classified issues.  ECF No. 64.  L-3/CIS and L-3/Vertex specifically object to the production of (1) the names of its pilots and applicants, Interrogatory No. 10 and RFP Nos. 1, 2, 6, and 12; (2) employment and hiring policies including employee handbooks, RFP Nos. 3 and 4; and (3) the identity of any individuals Defendants or their agents have interviewed concerning this case, Interrogatory No. 5 and RFP No. 5.  Defendants contend that the discovery requests are overbroad and the information sought is confidential and privileged.

*Names of Pilots and Applicants*

Defendants object to discovery requests seeking the names of pilots and applicants in their employ.  Defendants have redacted or withheld the names because, as they contend, (1) Plaintiffs do not need the names of all hired pilots or applicants (15,000 people) because Plaintiff Kay never had an interview and "Hall should know the names of pilots in his program already," and (2) Defendants are concerned about the safety implications of disclosing the names of pilots and applicants.  ECF No. 64.  Defendants are willing to provide the requested information subject to a confidentiality agreement.  However, Plaintiffs refuse to entertain any such agreement.  *See* ECF No. 68, Hineline Decl. ¶24.

The product of pretrial discovery is presumptively public, although Federal Rule of Civil Procedure 26(c) permits a district court to override this presumption upon a showing of good cause. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.-Northern Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).  However, Rule 5(d) only requires filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Courts may issue protective orders, however, when the moving party demonstrates that good cause exists and it bears the "burden of

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 5

showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The names of pilots and applicants are discoverable and relevant to this case. However, the Court is concerned with safety issues associated with the disclosure of this information. Accordingly, the names of pilots and applicants are discoverable, subject to reasonableness by years and confidentiality for safety issues. The Court is open to suggestions on these topics but will allow the parties the opportunity to reach an agreement.

*Employee Handbook*

Defendants also object to discovery of employment and hiring policies and employee handbooks on the grounds that they contain proprietary information. Again, Defendants are willing to provide the requested documents subject to a confidentiality agreement. *See* ECF No. 64. Employment and hiring policies and employee handbooks are discoverable and may be circumstantial evidence of discrimination or pretext. *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002). Thus, insofar as Defendants' motion for protective order seeks to prevent discovery of employment and hiring policies and employee handbooks, Defendants' motion is **denied**.

*Persons Interviewed*

Defendants also object to providing information regarding which witnesses have been interviewed and information regarding those interviews on the ground that the information sought is privileged. Specifically, Defendants object to Interrogatory No. 5 and RFP No. 5, which seek the identity of any individuals that "Defendant or its agents have interviewed concerning this case," and "all documents reflecting or relating to any interview."

Pursuant to Rule 26(b)(3)(A), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," but those materials may be discoverable if,

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 6

"the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Work product is reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways."  *Hickman v. Taylor*, 329 U.S. 496, 511 (1947).

Federal courts of appeals have routinely held that documents and testimony pertaining to interviews by defendant's counsel with defendant's employees are protected opinion work product.  *See Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000); In re *Appeal of Hughes*, 633 F.2d 282, 290 (3d Cir. 1980).  Courts have also held that requiring a party to divulge which witnesses it has interviewed violates the work product privilege as it provides insight into which witnesses that party believes are critical to its case. *O'Connor v. Boeing N. Am., Inc.*, 216 F.R.D. 640, 643 (C.D. Cal. 2003) (citing *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987)).

Plaintiffs' requests seek classic work product.  Accordingly, insofar as Plaintiffs seek the name of persons interviewed and documents pertaining to such interviews, Defendants' motion for protective order is **granted**.

## IV.    Defendant's Motion for Protective Order on Plaintiffs' Second Set of Discovery and Requests for Admission (ECF No. 81)

Defendants' joint motion for protective order on Plaintiffs' second set of discovery, ECF No. 81, primarily addresses arguments made by Defendants in previous motions, thus, the above analysis applies.  However, in response to Plaintiffs' second set of discovery requests, Defendants raise two additional objections not at issue in prior motions.  Specifically, Defendants object to Plaintiffs' request for (1) information relating to S4, JM, and MARSS Programs' pilot manning roster for the calendar years 2014-2015, including the number of pilot positions in each program, the names of pilots who filled those positions, the dates in which those pilot positions were filled, and documents setting out optimal

pilot manning level for each program, and (2) documents describing the purpose, function, and operational requirements of the S4, JM, and MARSS Programs.

### Names of Pilots and Applicants

Plaintiffs request the names of pilots and applicants in the S4, JM, and MARSS programs with an even broader temporal scope of ten years. As discussed, the request for ten years' worth of information is overbroad. Accordingly, insofar as Plaintiffs request names of pilots and applicants dating back ten years, Defendants' motion is **granted**. Moreover, the Court is not in the business of drafting discovery requests and rejects the request from Plaintiffs to redraft the offending discovery requests.

### Pilot Manning Roster

Defendants also object to production of the S4, JM, and MARSS pilot manning roster for the calendar years 2014-2015. The pilot manning roster is the document that sets out the number of pilot positions in each program, the names of pilots who filled those positions, the dates those positions were filled, and documents that set out the optimal pilot manning level for each program. Defendants state that they will produce this information, subject to a confidentiality agreement. *See* ECF No. 81.

The Court agrees that this information should be provided only with a confidentiality agreement due to the safety concerns raised by Defendants. Defendants should draft a proposed confidentiality agreement regarding the disclosure of the pilot manning roster, which the Court will review only if necessary and if Plaintiffs refuse to accept.

### Purpose, Function, and Operational Requirements of
### S4, JM, and MARSS Programs

Defendants further object to RFP No. 20, which asks Defendants to produce documents that describe the purpose, function, and operational requirements of the S4, JM, and MARSS Programs. Defendants contend this overly broad discovery

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** ~ 8

request seeks wholly irrelevant information. The Court agrees. Plaintiffs requests are overbroad and burdensome with little or no relevance. Accordingly, insofar as Plaintiffs seek information regarding the purpose, function, and operational requirements of the S4, JM, and MARSS Programs, Defendants' motion is **granted**.

**V.    Sanctions and Fees**

Both Plaintiffs and Defendants contend that they are entitled to fees arising out of this discovery dispute. Defendants likewise seek fees under the Court's inherent authority to sanction Plaintiffs' counsel Thomas Jarrard.

Rule 37(a)(5) governs the award of expenses, including attorneys' fees, in the event a motion for a protective order is granted, denied, or granted in part and denied in part. If the Court grants the motion, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. However, the Court must not order an award of expenses and fees if it finds that (1) the movant did not attempt in good faith to obtain disclosure of discovery prior to filing its motion with the court, (2) the opposing party's response was substantially justified, or (3) "other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(a)(5)(A). If the movant's motion for protective order is denied, the Court must require the movant to pay the party opposing the motion's reasonable expenses and attorneys' fees. However, the Court must not order this payment if the motion was "substantially justified or other circumstances make an award of expenses unjust." See FED. R. CIV. P. 37(a)(5)(B). If the motion is granted in part and denied in part, the Court may issue a protective order and may, after giving the parties an opportunity to be heard, "apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

After careful consideration, the Court declines to award fees to either party. The Court finds that the parties had good faith disputes regarding the extent of

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 9

discovery and the relevance of the materials at issue. However, it is apparent that some of the lawyers have not acted with the degree of respect and professionalism expected by this Court. The behavior of Mr. Jarrard is of particular concern. Disagreements regarding issues are to be expected, and is a normal part of the advocacy process. Being disagreeable while discussing those disputes is not acceptable, and is not a normal part of the advocacy process. Future behavior of the type described will not be tolerated by this Court, and will result in sanctions.

The Court encourages the lawyers to carefully review Local Rule 83.1 (Civility) and Washington Rule of Professional Conduct 3.4 (Fairness to Opposing Party and Counsel). At a minimum, these rules require the following:

(1) Each lawyer has the responsibility for making our system of justice work honorably, fairly, and efficiently.

(2) Civility and courtesy are not to be equated with weakness.

(3) Lawyers will act with dignity, integrity, and courtesy in oral and written communications.

(4) Lawyers will agree with reasonable requests for extensions of time, stipulate to undisputed facts to avoid needless costs or inconvenience, and waive procedural formalities when the interests of the client will not be adversely affected.

(5) Lawyers will facilitate the processing of all reasonable discovery requests.

(6) Lawyers will not ask colleagues for the rescheduling of court settings or discovery proceedings unless a legitimate need exists; nor will lawyers unreasonably withhold consent for scheduling accommodations. Lawyers will try to consult with opposing counsel before scheduling depositions, hearings and other proceedings or meetings.

(7) Lawyers will promptly respond to oral and written communications.

(8) Lawyers will avoid condemning their adversary or the opposing party.

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 10

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant L-3/CC's Motion for Protective Order, ECF No. 62, is **DENIED** to the extent that Plaintiffs seek discovery regarding whether L-3/CC is a joint employer for the purpose of USERRA liability.

2. L-3/CIS & L-3/Vertex's Motion for Protective Order and Fees on Classified Issues, ECF No. 63, is **GRANTED**.

3. L-3/CIS & L-3/Vertex's Motion for Protective Order and Fees on Non-Classified Issues, ECF No. 64, is **GRANTED, in part, and DENIED, in part**. The names of pilots and applicants is discoverable subject to reasonableness by years and confidentiality for safety issues; the Court is open to suggestions but will allow the parties to reach an agreement. To the extent that Plaintiffs seek employment policies and employee handbooks, Defendants' motion is denied; such information is discoverable. To the extent that Plaintiffs seek the names of persons interviewed and related documents, Defendants' motion is granted, such information is not discoverable.

4. Defendant's Motion for Protective Order on Plaintiffs' Second Set of Discovery and Requests for Admission, ECF No. 81, is **GRANTED, in part, and DENIED, in part**. Insofar as Plaintiffs seek the names of pilots and applicants dating back ten years, Defendants' motion is granted; the request is overbroad. The pilot manning roster is discoverable subject to a confidentiality agreement which Defendants will draft and the Court will review, only if necessary. To the extent that Plaintiffs request information regarding the purpose, function, and operational requirements of the S4, JM, and MARSS Programs, Defendants' motion is granted.

//
//

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS ~ 11**

5. Plaintiffs request for fees is **DENIED**.

6. Defendants request for fees and/or sanctions is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 18th day of January 2017.



Stanley A. Bastian
United States District Judge

**ORDER REGARDGIN DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** + 12