FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 25, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J. MITCH HALL AND NATHAN KAY, on behalf of themselves and similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>L-3 COMMUNICATIONS CORPORATION, L-3 COMMUNICATIONS VERTEX AEROSPACE, LLC and L-3 COMMUNICATIONS INTEGRATED SYSTEMS L.P.,<br><br>Defendants. | 2:15-cv-0231-SAB<br><br>**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** |

Before the Court is Plaintiff Nathan Kay's Unopposed Motion for Conditional Certification of Settlement Class and Preliminary Approval of Settlement, ECF No. 177. Because the parties have proposed a settlement that was produced through non-collusive negotiations, lacks deficiencies, is reasonable, and treats all members of the class fairly, the Court **grants** preliminary approval.

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ~ 1**

## BACKGROUND

On September 13, 2015, named Plaintiff Nathan Kay filed individual claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq*, and under the Washington Law Against Discrimination ("WLAD"). ECF No. 1. He alleged that Defendants discriminated against him due to his status as a member of the National Guard. Plaintiff filed a second amended complaint which asserted the same claims on behalf of similarly situated individuals. ECF No. 106.

Extensive discovery and motions practice followed. After nine depositions, 65,000 pages of documents, interviews of dozens of witnesses, and motions to dismiss and for summary judgment, the Parties engaged in a 13-hour mediation with Carol A. Wittenberg of JAMS. That mediation resulted in an agreement in principle, which over the next four months was reduced to the instant proposed settlement. ECF No. 182.

The settlement agreement and the exhibits thereto, which are subject to review under rule 23 of the Federal Rules of Civil Procedure, set forth the terms and conditions for the proposed settlement of the class claims.

## PRELIMINARY CERTIFICATION AND APPROVAL OF SETTLEMENT

At this stage of the proceedings, the Court must consider whether to grant preliminary approval of the settlement as a first step towards final approval. *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). In doing so, the Court must first determine whether preliminary certification is appropriate under the requirements of Rule 23(a) and (b), and whether the settlement passes scrutiny under Rule 23(e).

The Proposed Class is defined as "all persons who applied for a Senior Pilot I position with one or more of Defendants' ISR Programs during the Settlement Class Period of January 1, 2011 through the date of the Motion for Preliminary Approval ("the Settlement Class Period)", who at the time of their applications

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ~ 2**

were active or current Reservists during the Settlement Class Period and were not hired by any Defendant in a Senior Pilot I position during the Settlement Class Period." Settlement § IV.1. Plaintiff estimates that there are 200 to 250 class members. ECF No. 178, Romer-Friedman Decl. ¶ 65. The Parties jointly proposed certification under Rule 23(b)(3).

**Preliminary Certification.**

Certification under Rule 23(b)(3) requires a finding of numerosity, commonality, typicality, adequacy, predominance and superiority. Fed. R. Civ. P. 23 (a)-(b); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997).

*Numerosity*

Numerosity requires class members to be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff's estimate of 200 to 250 Class members renders numerosity preliminarily met.

*Commonality*

Commonality requires a single common significant question of law or fact. Fed. R. Civ. P. 23(a)(2); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 589 (9th Cir. 2012). In the context of a Rule 23(b)(3) class, the common question must be central to the validity of each one of the claims and of such a nature that it is capable of class-wide resolution. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Here, where employment discrimination is alleged, a common issue that is central to the validity of each claims is whether there was a standard operating procedure of discrimination, sufficient to create a rebuttable inference of discrimination for each class member. *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 505 (N.D. Calif. 2012). To demonstrate a standard operating procedure of discrimination, plaintiffs must show "significant proof" that the defendant "operated under a general policy of discrimination. *Dukes*, 564 U.S. at 353.

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ‑ 3**

Plaintiff offers statistical evidence of disparate hiring outcomes for reservists; that the hiring process was uniform and limited to a small group of decisionmakers, who considered military status as part of the hiring process; and statements indicating that managers at L-3 disfavored reservists due to the scheduling difficulties that military leave imposes. ECF No. 179, Romer-Friedman Decl. at ¶ 63.

While the Parties dispute whether discrimination actually occurred, the Court's role at this stage is not to perform a judgment on the validity of the claims. As the Ninth Circuit explained in *Ellis*, "the district court was not required to resolve factual disputes regarding" whether discrimination had occurred or whether a culture of stereotyping existed. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) "However, the district court was required to resolve any factual disputes necessary to determine whether there was a common pattern and practice that could affect the class *as a whole*." *Id.* (emphasis original). At issue at this juncture is whether the hiring process was sufficient uniform and standard for there to be a common question of whether discrimination occurred, susceptible of class-wide resolution, though that question itself need not be answered. The evidence submitted in this case is enough to support preliminary certification, as it demonstrates a sufficiently uniform hiring practice and significant proof of an allegedly discriminatory general policy.

*Typicality*

Typicality requires that the claims or defense of the representative parties are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Here, Mr. Kay's claim is for being denied a Senior Pilot I position based on his status as a Reservist. The same claim is imbedded within the definition of the class. Typicality is thus satisfied.

//
//

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** ─ 4

*Adequacy*

In order for adequacy to be met, the plaintiff and plaintiff's counsel must (1) not have intra-class conflicts of interests and (2) vigorously prosecute the action on behalf of the entire class. *Torres v. Mercer Canyons, Inc.*, 305 F.R.D. 646, 653 (E.D. Wash. 2015), *aff'd*, 835 F.3d 1125 (9th Cir. 2016). There are no apparent intra-class conflicts, and the counsel for Plaintiffs has demonstrated vigorous prosecution in this action and in their declarations describing previous experience with complex litigation.

*Predominance*

Under Rule 23(b)(3), the "common questions must predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The common question is the existence of a discriminatory pattern or practice, which is a threshold and critical issue for each individual determination of discrimination. Any individual issues regarding discrimination are subordinate to the question of a pattern of discrimination and can be addressed in individualized hearings. *See Dukes*, 564 U.S. at 352, n.7, 366. Individualized damages calculation are based on a common methodology, and do not predominate over the liability question. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013).

*Superiority*

The class vehicle is superior to other available methods, as required by Fed. R. Civ. P. 23(b)(3). The proposed class action settlement is efficient, disposing of 200 to 250 individual claims through a streamlined claims-administration process, and most individual claims would likely be of prohibitively low value considering the costs of litigation. Thus, the requirements for preliminary certification are met.

**Preliminary Settlement Approval**

To protect the interests of all class members, Federal Rule of Civil Procedure 23(e) requires the Court to review the Parties' proposed settlement agreement and approve it. "The Court considers the settlement as a whole, rather

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ~ 5**

than its components, and lacks the authority to delete, modify or substitute certain provisions." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Rather, "[t]he settlement must stand or fall in its entirety." *Id.*

At this stage of the proceedings, the Court must initially consider whether to grant preliminary approval of the settlement as a first step toward final approval. *In re Syncor ERISA Litig.*, 516 F.3d at 1100.

In granting preliminary approval, the Court considers whether the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations; has no obvious deficiencies; does not grant preferential treatment to class representatives, and falls within the range of possible approval. *Harris v. Vector Mktg. Corp.*, No. 08–cv–05198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).

The Court finds that the Settlement Agreement was the result of informed, non-collusive, protracted, and arm's length negotiations between competent counsel and assisted by Mediator Wittenberg. The parties engaged in a lengthy mediation with Ms. Wittenberg, and the Court concludes that the parties engaged in good faith efforts to resolve the case in the best interest of their clients. *See Satchell v. Fed. Exp. Corp.*, No. C 03–2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr.13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."). Further, the extensive briefing on substantive and procedural issues, as well as this Court's orders, helped insure the Parties' decisions were well-informed and based on a solid legal framework. Thus, the Parties were capable of arriving at a fair settlement agreement.

The Parties propose relief constituting both money damages and injunctive relief. The money damages include the creation of a fund of $2,000,000 to compensate class members for (a) lost wages, (b) service awards to class representatives (c) attorney's fees and costs, and (d) applicable taxes. In order to

qualify for money damages, class members will be responsible for providing evidence that they were (1) Reservists when they applied for a Senior Pilot 1 Position with Defendant, (2) not hired for that position, and (3) qualified for the position. The programmatic relief involves changes to L-3's hiring practices, including barring inquiries into military status before a hiring decisions is made, instituting training on USERRA and military leave, and reforming leave policies to the benefit of employees on military leave. ECF No. 182 at 16-18.

To determine whether a settlement amount falls within the range of reasonableness, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *Vasquez v. Coast Valley Roofing*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009). But the Court also considers factors indicating whether the final settlement will be fair, adequate, and reasonable, including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of class members to the proposed settlement. *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). There is no governmental participant in this case; and though the named Plaintiff approves of the plan, the Court is unable to ascertain the reaction of a significant part of the class until notice is delivered.

Thousands of documents have been exchanged in discovery in this case, and the completion of discovery co-incited with the conclusion of the Settlement Agreement. The Court concludes that the Parties are sufficiently aware of the factual issues and disputes in this case, allowing them to make an informed settlement decision. The attorneys involved in this case have litigated it expertly, and in their long experience in class action and labor work conclude this settlement is fair and reasonable.

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** - 7

In determining expected value versus actual recovery, the Court considers "the maximum amount of damages recoverable in a successful litigation" in comparison with the settlement amount. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Still, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982).

Plaintiffs' case presented significant risks. L-3 continues to dispute whether there was discrimination in fact, and L-3's expert witness was prepared to testify that there were no hiring practices that led to disadvantageous disparities for Reservists. Absent settlement, extended litigation could further reduce the amount of actual recovery for each plaintiff. Plaintiffs estimate between 200 and 250 Class Members. The $2,000,000 Settlement Fund will first be used to pay for Class Counsel's attorney's fees, taxes, and fees costs for tax filings on any income gained by the Settlement Fund, as well as compensation for Class Representatives. Counsel may request $650,000 in attorney's fees, and individual representatives are allowed a total of $40,000 in compensation for their time spent prosecuting the case, leaving roughly $1,300,000 to cover taxes and individual liability awards.

Plaintiff estimates that the allegedly discriminatory practice led to 20 to 35 fewer Reservists being hired over the Settlement Class Period. ECF No. 187, Romer-Friedman Decl. ¶ 54. Based on the expected longevity and salary for that position, and assuming mitigation, the expected loss of income ranges from $1,400,000 to $2,500,000. *Id.* ¶ 66.

The settlement fund represents eighty percent of the maximum expected award in this suit, and even after subtracting class counsel fees, the Settlement Fund still represents greater than fifty percent of the maximum expected award. District courts have approved settlements that provide far smaller percentages of recovery. *See e.g. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459 (approving a

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ~ 8**

settlement that was "roughly one-sixth of the potential recovery); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) (approving a settlement where plaintiffs secured "approximately 25 to 35% of the amount of damages" that could have been proven at trial). The settlement amount is within the range of reasonableness, there is no obvious deficiency in the proposed payment system, and class members are thus treated fairly within this settlement.

This finding is further supported by the major risks that the class faced on liability, damages, and class certification. Although the class had previously survived summary judgment, it was not yet certified, and absent the settlement Defendants would have likely challenged certification. Maintaining certification throughout the trial would have presented an additional risk, largely obviated through the settlement. Even if Plaintiffs prevailed at trial, given the many motions already filed in this case the Court concludes that further post-trial and appellate litigation would have been likely, leading to more expenses.

Based on the above findings, the Settlement Agreement appears on its face to be fair, adequate, and reasonable. The Court hereby **ENTERS** the following order regarding preliminary approval of the Settlement Agreement.

1) Plaintiffs' Unopposed Motion for Conditional Certification of Settlement Class and Preliminary Approval of Settlement, ECF No. 177, is **GRANTED.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Plaintiff Kay is certified as the class representative on behalf of the Settlement Class, and the Counsel selected by Plaintiff Kay is appointed as Counsel for the Settlement Class. Preliminary approval of the Parties' Settlement Agreement is **GRANTED**, and its terms are conditionally approved, subject to final approval at the Final Approval Hearing.

//
//

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** ՞ 9

2) Federal Rule of Civil Procedure 23(e) requires the Court to "direct notice in a reasonable manner to all class members" before considering whether to finally approve the parties' Settlement Agreement.

3) Rule 23(e) also requires that the Court give all Class Members an opportunity to object to the proposed settlement before the Court considers whether to finally approve the settlement.

4) The Court may only grant *final* approval to the parties' settlement if it finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

5) The content of the proposed class action notice, "If you were a National Guard or Reserve Member of the Armed Forces who applied for a Senior Pilot I position at L-3 Technologies, L-3 Communications Corporation, L-3 Vertex Aerospace or L-3 Communications Integrated Systems between January 1, 2011 and September 28, 2018, you could receive benefits under this class action settlement" ("Class Notice") and claim form, ECF No. 178-1(c), are a reasonably calculated means to notify class members of their rights. The proposed method of dissemination, electronic mail, meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e)(1), and is the best notice that is practicable under the circumstances. L-3 has e-mail addresses for nearly all of the applicants, because all of them applied online. The Court approves the Class Notice, and method of dissemination proposed in the motion.

6) RG/2 Claims is appointed as the Administrator of the settlement. *See* ECF No. 182.

7) Within thirty (30) calendar days of this Order, Defendants shall, to the extent not already disclosed, provide the Administrator with the following data regarding Non-Hired Applicants, to the extent such information is reasonably available in Defendants' files: (1) a street mailing address; (2) telephone numbers; and (3) all known e-mail addresses (the "Class Data.") "Non-Hired Applicants"

means persons who applied for a Senior Pilot I position with one or more of Defendant's ISR Programs between January 1, 2011 and October 12, 2018, and were not hired by Defendant in a Senior Pilot I position.

8) Upon entry of this Order and receipt of the Class Data, class counsel shall cause the Administrator to provide notice to the Settlement Class in the manner described in Plaintiffs' motion.

9) Within 45 days after the date on which Notice is required to be sent, class counsel shall file a declaration with the Court confirming that the Notice and related information was sent in accordance with this order.

10) No less than thirty days before the fairness hearing, Plaintiff shall file a Motion for Final Approval of the Settlement Agreement, and class counsel shall file with this Court their petition for an award of attorneys' fees and expenses and petition for an award of service payments. Any reply briefing to the motions described shall be filed in accordance with LR 7.1.

11) In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement, each Settlement Class Member shall:

    a. Submit a properly executed Claim Form, substantially in the form attached to the Settlement as Exhibit A, postmarked or submitted to the Administrator, no later than sixty (60) days after the e-mailing and mailing of the Notice, or 45 days after a re-mailing of the Notice, whichever is greater. Such deadline may be extended by Court order;

    b. Accompany the Claim Form with documentation to establish that the person did apply for a Senior Pilot I position during the Class Period and the person was a current Reservist at the time of application; and

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** - 11

  c. Submit to the jurisdiction of this Court solely with respect to the claim submitted, and subject to the effectuation of the Settlement, and release all Released Claims against the Defendants as provided in the Settlement.

12) Any Settlement Class Member who does not submit a Claim Form in the manner stated in this Order shall be deemed to have waived his or her right to a share in the Net Settlement Fund, and shall be barred from sharing in the Net Settlement Fund. In all other respects, any such Settlement Class Member shall be subject to and bound by all of the terms of the Settlement, including the terms of the Final Judgment unless such Settlement Class Member has submitted a timely and valid request to be excluded from the Settlement Class in the manner required by this Order.

13) Any Class Member who wishes to request exclusion from the Settlement Class must mail the request to the Administrator by first-class mail postmarked no later than forty-five (45) days after Notice is sent to the Settlement Class Member. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class, and must be signed by such person. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement and Notice.

14) Class Members who wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must send a written statement setting forth her objections by first-class mail, postage prepaid, to the Court.

15) To be considered, the objection must be in writing and must include the following information: (a) the name of the case, *Hall, et al., v. L-3*

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** - 12

*Communications Corporations, et al.*, Case No. 2:15-cv-00231-SAB; (b) the objecting Class Member's name, home or contact address, and telephone number; (c) a sentence stating that the objecting Class Member is a member of the Class; (d) the reasons why the Class Member objects; and any evidence and legal authority the Class Member wishes to bring to the Court's attention in support of his or her objection(s).

16) Objections must be mailed to the Court at Hall v. L-3 Communications Corporations, U.S. District Court, P.O. Box 1493, Spokane WA 99201, and postmarked no later than **April 26, 2019**.

17) Any member of the Plaintiff Class who fails to object in writing as described above by the deadline shall waive and forfeit any and all rights he or she may have to object to final approval of the Settlement Agreement.

18) Any Class Member may raise an objection either on his or her own or through an attorney hired at the Class Member's own expense. A Class Member's hiring of an attorney shall not extend any of the deadlines set forth in this Order. If a Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must file and serve a notice of appearance, no later than **April 26, 2019**.

19) Any Class Member or attorney, other than the Parties' counsel, intending to appear and speak at the Final Approval Hearing must send a notice of their intention to do so by first-class mail, postage prepaid, to the Court postmarked no later than **April 26, 2019**. Any Class Member or attorney, other than the Parties' counsel, who fails to provide the notice of his or her intention to appear and speak will not be allowed to speak at the Final Approval Hearing.

20) It is not necessary for any Class Member who objects as described above to appear at the Final Approval Hearing. The Court will consider any properly made objection before making a decision regarding whether to finally approve the Settlement.

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT ~ 13**

21) The Final Approval Hearing will be held at the United States Courthouse for the Eastern District of Washington in Yakima, Washington located at 25 S. 3rd Street, Yakima WA 98901. The parties shall work with the Deputy Clerk of Court to arrange a time and date for the Final Approval Hearing.

## CASE SCHEDULE

22) The Court sets the following deadlines:

| | Event | Timing or Deadline |
|---|---|---|
| 1. | Deadline for mailing Notice of Proposed Class Action Settlement to Class Members | **February 15, 2019** |
| 2. | Deadline for Defendants' and Plaintiffs' counsel to post a copy of the Notice of Proposed Class Action Settlement and a copy of the parties' Settlement Agreement on their respective web sites. | **February 15, 2019** |
| 3. | Deadline for publication of Notice of Proposed Class Action Settlement. | **February 15, 2019** |
| 4. | Deadline for filing a claim. | **May 7, 2019** |
| 5. | Deadline for filing an objection. | **May 7, 2019** |
| 6. | Deadline for attorneys representing objectors to serve and file notices of appearance. | **May 7, 2019** |
| 7. | Deadline for objectors or their attorneys to serve and file notice of intent to appear and speak at Final Approval Hearing. | **May 7, 2019** |
| 8. | Deadline for Class Counsel to file Plaintiffs' motion for final approval and response to any objections or opposition memorandum filed by any objector. | **June 18, 2019** |
| 9. | Final Approval Hearing in United States Courthouse in Yakima, Washington. | **To be determined.** |

**ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT** ࠀ 14

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 25th day of January 2019.



_____
Stanley A. Bastian
United States District Judge