FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J. MITCH HALL and NATHAN KAY, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>L-3 COMMUNICATIONS CORPORATION, L-3 COMMUNCIATIONS VERTEX AEROSPACE, LLC and L-3 COMMUNICAITONS INTEGRATED SYSTEMS L.P.,<br><br>        Defendants. | No. 2:15-cv-00231-SAB<br><br>**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT** |

On July 16, 2019, the Court held a hearing on Plaintiffs' motions for final approval of class certification and settlement, for service awards, and for attorney's fees. ECF Nos. 188, 189, 192. Michael B. Love, Thomas G. Jarrad, Peter Romer-Friedman, and Nina T. Martinez appeared on behalf of Plaintiff, and James R. Morrison appeared on behalf of Defendant. The Court orally granted the motions and certified the class, and this Order provides the Court's rationale for doing so.

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 1**

## BACKGROUND

On September 13, 2015, named-Plaintiff Nathan Kay filed individual claims under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq.*, and under the Washington Law Against Discrimination, RCW 49.60 *et seq.* ECF No. 1. He alleged that Defendants discriminated against him due to his status as a member of the National Guard. *Id.* Plaintiff filed a Second Amended Complaint that asserted the same claims on behalf of similarly situated individuals. ECF No. 124.

Extensive discovery and motions practice followed. After nine depositions, 65,000 pages of documents, interviews of dozens of witnesses, and motions to dismiss and for summary judgment, the parties engaged in a 13-hour mediation with Carol A. Wittenberg of JAMS. That mediation resulted in an agreement in principle, which over the next four months was reduced to the instant proposed settlement. ECF No. 182.

The settlement agreement and the exhibits thereto, which are subject to review under Rule 23 of the Federal Rules of Civil Procedure, set forth the terms and conditions for the proposed settlement of the class claims.

## CLASS STANDARD

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). To merit certification, a class or subclass must satisfy the requirements of Fed. R. Civ. P. 23. *Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

This involves a two-step inquiry. First, Plaintiff must show the four prerequisites of Rule 23(a) have been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. Fed. R. Civ. P. 23(a); *Comcast Corp.*, 569 U.S. at 33. Once Plaintiff has established the prerequisites of Rule 23(a) have been met,

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 2**

Plaintiff must then demonstrate that the action falls into one of the three categories of Rule 23(b). The Court's decision to certify a class is discretionary. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009).

## DISCUSSION

### I. Rule 23(a) Prerequisites

#### 1. Numerosity

A proposed class satisfies the numerosity requirement when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, a proposed class comprised of 40 or more members will satisfy the numerosity requirement. *Marshall v. Bonded Adjustment Co.*, No. 11-cv-0022-TOR, 2012 WL 3044246 (E.D. Wash. July 25, 2012).

The Court finds Plaintiff's proposed class satisfies the numerosity requirement. Through the discovery process, the parties were able to identify about 4,339 individuals who potentially satisfied the class requirements and estimated that the class had about 250 Class Members. After notice was sent and due time was given for these individuals to participate in the class action process, 48 individuals satisfied the class requirements and signed on to the lawsuit. Based on the evidence, "general knowledge," and "common sense," the Court can infer that Plaintiff's proposed class and subclass are sufficiently numerous. *Perez-Funez v. District Director, I.N.S.*, 611 F.Supp. 990, 995 (C.D. Cal. 1984).

For these reasons, the Court finds the Class satisfies the numerosity requirement.

#### 2. Commonality

A proposed class satisfies the commonality requirement when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution." *Dukes*, 564 U.S. at 350. A contention is capable

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 3**

of classwide resolution if "the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The Court finds Plaintiff's proposed class satisfies the commonality requirement. The following question of fact is common to the Class: Whether members of the Class were discriminated against due to their Reservist status during the Defendant's Senior Pilot I hiring process.

The following question of law is common to Class: Whether the Defendants operated a general policy of discrimination in their hiring process.

The Court finds that the Class satisfies the Commonality requirement.

### 3. Typicality

A proposed class satisfies the typicality requirement when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). A plaintiff demonstrates typicality "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). "The typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon*, 976 F.2d at 508.

The Court finds Plaintiff's proposed Class and Subclass satisfy the typicality requirement. Plaintiff Nathan Kay's claim is that he was discriminated against for

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 4**

his status as a reservist. This claim is typical for all members in the proposed Class.

### 4. Adequacy

Finally, a proposed Class satisfies the adequacy requirement when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.2d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43, (1940)). To determine whether the adequacy requirement is satisfied, courts consider two questions: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

The Court finds Plaintiffs have satisfied the adequacy requirement. There are no facts to suggest Plaintiffs or Counsel have any conflict of interest with other class members. Moreover, the Court is confident that the Plaintiffs and their counsel have prosecuted this action vigorously on behalf of the proposed Class. Accordingly, the Court finds Plaintiff has satisfied the requirements of Rule 23(a).

## II.     Rule 23(b)

A plaintiff seeking class certification must also show the proposed class action falls within one of the categories of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Plaintiff claims this action falls under Rule 23(b)(3).

To qualify for certification under Rule 23(b)(3), a class must satisfy two conditions: (1) "common questions must 'predominate over any questions affecting only individual members;'" and (2) "class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Hanlon*, 150 F.3d at 1022. (quoting Fed. R. Civ. P. 23(b)(3)).

//

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 5**

### A. Predominance

The predominance inquiry focuses on "the relationship between the common and individual issues," and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*. (citation and quotation mark omitted). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Id*. (internal quotations omitted).

In this case, the common question is whether a discriminatory pattern or practice exists. This is a threshold question, to which each individualized issue of discrimination is subordinate. Individual issues of damages are based on a common methodology and do not predominate over the liability question. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013). Accordingly, the Court finds the predominance element is satisfied.

### B. Superiority

The superiority requirement is satisfied when the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To determine whether this requirement is met, courts consider the four factors of Rule 23(b)(3):

(1) The class members' interests in individually controlling the prosecution or defense of separate action;

(2) The extent and nature of any litigation concerning the controversy already begin by or against class members;

(3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

(4) The likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D); *Zinser*, 253 F.3d at 1190.

//

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 6**

The Court finds that the class action settlement in this instance is efficient. Bringing around 250 separate claims combined with high litigation costs for individualized action that would likely cause many potential claims to go unfiled, would create a worse outcome for the courts, the Class, and Defendants. Thus, the Court finds the superiority element is satisfied.

Accordingly, certification of this action is appropriate under Rule 23(b)(3). The Court certifies the following class:

> "All Persons who applied for a Senior Pilot I position with one or more of Defendants' ISR Programs during the Settlement Class Period of January 1, 2011 through the date of the motion for Preliminary Approval ("the Settlement Class Period)", who at the time of their applications were active or current Reservists during the Settlement Class Period and were not hired by any Defendant in a Senior Pilot I position during the Settlement Class Period."

## SETTLEMENT

Plaintiff moves this Court to approve the proposed settlement, under Rule 23 (e). Approval of a settlement should be granted when the settlement is "fair, adequate and reasonable," recognizing that "it is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon* 150 F.3d at 1026, overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In assessing a settlement, courts are to balance a number of factors, including the strength of the case, the risks and anticipated costs of continuing the class, the stage of the proceedings, the experience and views of counsel, and the reaction of the class members. *Hanlon*, 150 F.3d at 1026.

Here all factors point to the Court approving the settlement. The parties and the Court have already expended significant resources to get to this point. Discovery and litigation fees are already significant and continuing the case presents risk to all parties. The settlement amount is not trivial either, as each

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 7**

member of the class expects to receive about 28 thousand dollars. Additionally, members of the class in sworn declarations have shown support for the settlement. Furthermore, counsel on both sides have experience in class litigation and their experience gives their approval of the settlement weight. For these reasons and those throughout this order the Court grants Plaintiffs' motion for final approval of settlement.

## CLASS SERVICE AWARDS

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009). "Such awards are discretionary and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." *Id.*

Here, Nathan Kay, Adam Richter, and Stephen Lacy all gave time and effort to the litigation. These representatives gave their time freely knowing there was great risk that the action would not succeed, and their time could be for naught. Additionally, the class representatives put their personal reputation at risk. The military contractor pilot community is small. By litigating this action the potential risk of infamy and ire from their community and preferred work environment towards these Plaintiffs was substantial.

Service awards of $20,000 for Kay, and $10,000 for each of Richter and Lacy, are reasonable given the settlement of 2 million dollars. Each member of the class is expected to receive $28,000. Here, the representative's awards are less than each member would receive and are at a significantly small percentage of the overall pot, respectively one percent and one-half percent.

The Court finds that service awards for class representatives Kay, Richter, and Lacy are warranted in this case given the potential risks they confronted. For these reasons the Court grants the Plaintiff's Motion for Service Awards.

//

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 8**

## ATTORNEY'S FEES

The Supreme Court has noted that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole" *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

The Ninth Circuit has affirmed the use of two separate methods for determining attorney's fees in common-fund cases—the lodestar and percentage methods. *Hanlon*, 150 F.3d at 1029. The lodestar calculation begins with the multiplication of the number of hours reasonably expended by a reasonable hourly rate, as supported by evidence and documentation, and may be adjusted upward or downward based off quality of representation. The percentage method means the Court awards the attorneys a percentage of the fund, with 25% of the common fund as a typical benchmark award for attorney fees in the Ninth Circuit. *Id*. The district court has discretion to use either a percentage or lodestar method. *Id.*

In this case, the requested amount for attorney fees and costs is $650,000 out of the total $2 million common fund. $90,000 of that money is for reimbursement of litigation expenses, resulting in $560,000 for fees. This amounts to 28% of the total common fund. Attorneys for Plaintiffs have stated that the lodestar for this case is $1.4 million. Using the common fund percentage method and cross-checking with the lodestar method, the Court finds the attorney fee request reasonable and therefore grants the Plaintiffs' Motion for Attorney's Fees.

## CONCLUSION

In sum, the Court concludes Plaintiffs have met their burden of showing that the proposed Class satisfies the prerequisite requirements of Rule 23(a). Additionally, Plaintiffs have demonstrated that class certification is appropriate under Rule 23(b)(3). Plaintiffs have also shown that service awards for class representatives and attorney fees are warranted and reasonable. Therefore, the

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 9**

Court grants Plaintiffs' Motions for Final Approval of Settlement, Attorney's Fees, and Service Awards.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motions for Leave to File Excess Pages, ECF Nos. 187 and 194, are **GRANTED.**

2. Plaintiffs' Unopposed Motion for Final Approval of Settlement, ECF No. 192, is **GRANTED.**

3. The Court **CERTIFIES** this matter as a class action. The class is defined as follows:

> "All Persons who applied for a Senior Pilot I position with one or more of Defendants' ISR Programs during the Settlement Class Period of January 1, 2011 through the date of the motion for Preliminary Approval ("the Settlement Class Period)", who at the time of their applications were active or current Reservists during the Settlement Class Period and were not hired by any Defendant in a Senior Pilot I position during the Settlement Class Period."

4. Plaintiffs' Motion for Service Awards for Class Representatives, ECF No. 188, is **GRANTED.**

5. Plaintiffs' Motion for Attorney Fees, ECF No. 189, Is **GRANTED.**

**IT IS SO ORDERED**. The District Court clerk is hereby directed to enter this Order, provide copies to counsel, and close the case.

**DATED** this 2nd day of August 2019.



Stanley A. Bastian
United States District Judge

**ORDER CERTIFYING CLASS AND GRANTING APPROVAL OF SETTLEMENT ^ 10**